# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **MARY CALLAWAY** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:14cv719** |
| | § | |
| **REGION 10 EDUCATION** | § | |
| **SERVICE CENTER** | § | |

## MEMORANDUM OPINION AND ORDER
## <u>DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

Now before the Court is Defendant Region 10 Education Service Center's Motion for Summary Judgment (Dkt. 21). As set forth below, the motion is DENIED.

### BACKGROUND

Plaintiff was employed by Region 10 Education Service Center, for approximately sixteen (16) years. She began working there on or about August 11, 1997. On or about September 19, 2013, she was discharged. At the time of her discharge, she was a Family Resource Specialist and was assigned to Fred Douglas Early Education Center in Sherman, Texas.

Plaintiff, who is white, alleges that she was discharged in violation of violation of 42 U.S.C.A. §2000e, *et seq*. (Unlawful Employment Practices), as amended, protecting Plaintiff from discrimination in the workplace based on her race.

Defendant seeks summary judgment on Plaintiff's Title VII claim, arguing that: (1) Plaintiff cannot establish a *prima facie* case of race discrimination because she was not treated less favorably than similarly situated employees; (2) Region 10 Education Service Center had legitimate non-discriminatory reasons for terminating Plaintiff; and (3) Plaintiff cannot establish that Region 10

ESC's legitimate, non-discriminatory reasons for Plaintiff's termination constitute pretext.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence

of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

### EVIDENCE PRESENTED

In support of its motion, Defendant offers the following evidence: (1) April 23, 2015 Oral Deposition of Mary Callaway; (2) April 21, 2015 Oral Deposition of Sandra Axelrod; (3) Affidavit of Scott Potter and accompanying Business Records (September 18, 2013 Termination memo for Mary Callaway; February 23, 2012 Directive to Mary Callaway; June 18, 2009 Reprimand for Mary Callaway; May 28, 2009 Improvement Plan completion memo; April 29, 2009 Performance Improvement Plan; October 1, 2006 Performance Improvement Plan; April 8, 1998 Professional Growth and Improvement Plan; Annual Summative Report of Employee Performance 2012-2013; July 31, 2013 Head Start/Early Head Start Standards of Conduct; July 31, 2013 Head Start/Early Head Start Confidentiality Training); (4) May 26, 2015 Oral Deposition of Nateenya Spencer; and (5) January 24, 2014 Letter to EEOC from Mary Callaway. *See* Dkt. 21-1.

In response, Plaintiff submits the following evidence: (1) Excerpts from Oral Deposition of Nateenya Spencer dated May 26, 2015, attached as Exhibit A; (2) Excerpts from Oral Deposition

of Sandra Axelrod dated April 21, 2015, attached as Exhibit B; and (3) Affidavit of Mary Callaway, attached as Exhibit C. *See* Dkts. 26-2 – 26-4.

## ANALYSIS

The modified *McDonnell Douglas* test is used when analyzing claims for race discrimination under Title VII. Under the modified *McDonnell Douglas* approach, a plaintiff must demonstrate a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed.2d 668 (1973); *Rachid v. Jack In The Box, Inc*., 376 F.3d 305, 312 (5th Cir. 2004); *Willis v. Coca Cola Enters., Inc.,* 445 F.3d 413, 420 (5th Cir. 2006). In order to establish a *prima facie* case of race discrimination, a plaintiff must show: (1) she is a member of a protected group; (2) she was qualified for the position; (3) an adverse employment action occurred; and (4) she was treated less favorably because of her membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *Wesley v. General Drivers, Warehousemen and Helpers Local*, 745 660 F.3d 211, 213 (5th Cir. 2011). *See also St. Mary's Honor Center,* 509 U.S. 502, 506, 113 S. Ct. 2742, 2747 (1993); *McCoy v. City of Shreveport,* 492 F.3d 551, 556 (5th Cir. 2007); *Pegram v. Honeywell, Inc.,* 361 F.3d 272, 281 (5th Cir. 2004). Cases of racial discrimination are fact-specific. *Id*. at 214 ("The Supreme Court also noted, however, that cases of racial discrimination are fact-specific, stating that the *McDonnell Douglas* four-part test would not necessarily be applicable to all fact situations."). As the Southern District of Texas has noted "[a] plaintiff can fulfill the fourth element if she proves that she suffered an adverse employment action under circumstances in which an employee of a different race would not have suffered that action, irrespective of the race of her eventual

replacement, if there is one." *Hill v. New Alenco Windows, Ltd.*, 716 F. Supp.2d 582, 595-96 (S.D. Tex. 2009) (citing *EEOC v. Brown & Root, Inc.*, 688 F.2d 338, 340-341 (1982)). "[I]n resolving an individual's Title VII claim, the crux of the inquiry is the reason for a particular employment decision" *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2552 (U.S. 2011) (internal citations and quotations omitted).

Once established, the *prima facie* case raises a presumption of discrimination which the defendant must rebut by articulating legitimate, nondiscriminatory reasons for its actions. *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S. Ct. 2097, 147 L. Ed.2d 105 (2000); *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254-56, 101 S. Ct. 1089, 67 L. Ed.2d 207 (1981). The burden on the employer at this stage is one of production, not persuasion and does not involve any assessment of the employer's credibility. *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007).

Once the defendant produces evidence of a legitimate, nondiscriminatory reason for the adverse action, "the presumption of discrimination created by the plaintiff's *prima facie* case disappears and the plaintiff must meet its ultimate burden of persuasion on the issue of intentional discrimination." *Machinchick v. PB Power, Inc.,* 398 F.3d 345, 350 (5th Cir. 2005). Consequently, the burden shifts back to the plaintiff to show that either: (1) the defendant's reason is not true, but is instead designed to serve as pretext for unlawful discrimination; *or* (2) that the defendant's reason, while true, is not the only reason for its conduct, and another "motivating factor" is the plaintiff's protected characteristic. *Id.* at 351-52; *Rachid,* 376 F.3d at 312 (citation omitted). "[T]he plaintiff must rebut each nondiscriminatory or nonretaliatory reason articulated by the employer." *McCoy*

*v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007).

### *Prima Facie* **Case of Discrimination**

In order to survive summary judgment, Plaintiff must point to summary judgment evidence which creates a genuine issue of material fact as to a *prima facie* case of discrimination, which, as noted above requires a showing that (1) she is a member of a protected group; (2) she was qualified for the position; (3) an adverse employment action occurred; and (4) she was treated less favorably because of her membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *Wesley v. General Drivers, Warehousemen & Helpers Local*, 660 F.3d 211, 213 (5th Cir. 2011). *See also McCoy v. City of Shreveport,* 492 F.3d 551, 556 (5th Cir. 2007); *Pegram v. Honeywell, Inc.,* 361 F.3d 272, 281 (5th Cir. 2004).

In this case, there does not appear to be any dispute that Plaintiff was qualified for her position or that she suffered an adverse employment action. As to the other two elements of her *prima facie* case, the Court finds that Plaintiff has offered sufficient summary judgment evidence to support her allegation that she is a Caucasian and that she received less favorable treatment than an African-American employee, Ms. Spencer.

At issue in this case is Plaintiff's conversation with Ms. Nateenya Spencer (who is African-American), also a Family Resource Specialist. Plaintiff apparently contacted Ms. Spencer in order to ask Ms. Spencer to have her daughter call the school cafeteria concerning providing almond milk for Ms. Spencer's grandchild, a student in the Head Start program at the school. Plaintiff was subsequently terminated for discussing a student's confidential information – specifically the

substitution of almond milk for regular milk – with someone other than the student's parent or guardian.

Plaintiff has cited to evidence to show that Ms. Spencer did not receive any disciplinary action regarding the conversation even though Ms. Axelrod, the supervisor of Plaintiff and Ms. Spencer, testified Ms. Spencer may have also violated the confidentiality policy. *See e.g.*, Dkt. 26-3 at 10. Plaintiff also cites to testimony to show that nobody else received discipline for allowing almond milk to be brought to the school in violation of Head Start policy. Dkt. 26-3 at 11-13; 15-16. There is a fact issue at least regarding whether Plaintiff's and Ms. Spencer's conduct regarding the almond milk conversation were substantially comparable that precludes summary judgment. *See, e.g. Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 261 (5th Cir. 2009). As to Defendant's argument that Plaintiff and Ms. Spencer were not similarly situated because Ms. Spencer "began transitioning to her new campus after June 2013", Dkt. 27 at 3, and was no longer at the Fred Douglass campus, the Court is not convinced. Based on the record before the Court, they both held the same position for the same employer, even if Ms. Spencer had transitioned – or commenced transitioning – to a different campus. There is sufficient evidence and argument before the Court to show that Plaintiff and Ms. Spencer are similarly situated, and the Court declines to find that as a matter of law they are not for purposes of Plaintiff's *prima facie* case

Moreover, the Court finds that the matter of whether Ms. Spencer shared student information in a professional or personal capacity is best reserved for the fact finder. There is a genuine issue of fact as to whether Plaintiff was treated less favorably than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances and whether

Defendant applied its policies and procedures more favorably toward an employee of a different race than Plaintiff. Summary judgment will not be granted on this ground.

**Non-Discriminatory Reason**

With Plaintiff's burden satisfied, the burden now shifts to Defendant to show that Defendant had a legitimate reason to terminate Plaintiff. Defendant's burden at this phase is only one of production, not persuasion. *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007). The Court finds that there is sufficient evidence in the summary judgment record to create a fact issue as to Defendant's claim that Plaintiff was terminated for documented performance issues and failure to exhibit good judgment regarding confidential student information. *See, e.g.*, Dkt. 21-1 at 181-193.

**Pretext**

With Defendant's burden established, the Court must now turn back to Plaintiff to determine whether the reasons given are pretexual. "A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (internal citations and quotations omitted). The Court finds that there is enough summary judgment evidence before the Court to create a fact issue as to whether Defendant's proffered reason was " the real reason for the adverse employment action." *Id.*

The Court further finds that there is a fact issue as to whether Plaintiff's purported conduct in notifying Ms. Spencer about the need for almond milk was a violation of Plaintiff's job description or was a violation of any confidentiality requirements. *See, e.g.*, Dkt. 26-2 at 10-11; 26-3 at 8-9. As noted by Plaintiff, although Defendant cites to affidavit testimony to state that "Plaintiff

violated Region 10's ESC confidentiality policy by discussing confidential student information with

an individual who was not the parent or legal guardian of the student," Dkt. 21-1 at 181, no written

confidentiality policies are part of the record. There is a fact issue as to what should be reasonably

construed as "confidential student information" and whether Plaintiff would be on notice of such.[1]

As to Plaintiff's disciplinary history and her employer's warning that any future violations of any

aspect of her job description would result in a recommendation for immediate termination, *see* Dkt.

21-1 at 184-193, given the fact issue as to whether Plaintiff's conduct was a violation of her job

description or whether the reason was pretextual, the Court finds that any performance issues cannot

defeat a finding of a *prima facie* case or pretext.

Plaintiff has presented substantial material summary judgment evidence of a *prima facie* case

and pretext to prevent the grant of summary judgment.

For these reasons, Defendant Region 10 Education Service Center's Motion for Summary

Judgment (Dkt. 21) is DENIED and the case shall proceed to trial.

**SO ORDERED.**

**SIGNED this 29th day of January, 2016.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

---

[1]The Court notes that maintaining confidentiality "of all information and records pertaining to children and their families" is a listed performance standard for Head Start employees. *See* Dkt. 21-1. Nonetheless, the Court finds a fact issue as to whether Plaintiff's discussion with a student's grandmother and fellow employee regarding a known milk allergy would be considered confidential under this performance standard.